ALD-238

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2068
_____

IN RE:  LOUIS WATLEY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-10-cv-05086)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 14, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2011)
_____

OPINION
_____

PER CURIAM

Louis Watley seeks a writ of mandamus, pursuant to 28 U.S.C. § 1651, directing

the United States District Court for the District of New Jersey to rule on his habeas

corpus petition.  Subsequent to the filing of this mandamus petition, however, the District

Court dismissed Watley's habeas petition without prejudice for failure to exhaust state

remedies.[1]  Accordingly, to the extent Watley seeks to have this Court order the District

_____

[1] Watley's appeal of that decision is pending before this Court.  <u>See</u> CA No. 11-2808.

Court to rule on the habeas petition, his mandamus petition will be denied as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). And to the extent Watley requests that we "declare" as "arbitrary, capricious, and [an] abuse of power" the District Court's seven-month delay in adjudicating the habeas petition, that request is denied; mandamus is not a substitute for an appeal. See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998).